NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE RODRIGUEZ and SHAWN SANGELADJI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMERICANWEST BANK, a Washington corporation and DOES, 1-50, inclusive, <br><br> Defendants-Appellees. | No.    17-56588 <br><br> D.C. No. 2:15-cv-05831-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Argued and Submitted November 9, 2018
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,** District
Judge.

Plaintiff-Appellants Jacqueline Rodriguez and Shawn Sangeladji

("employees") appeal the district court's grant of summary judgment on their

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

retaliation and wrongful termination claims against their former employer, AmericanWest Bank. *See* Cal. Lab. Code § 1102.5(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly granted summary judgment because the employees failed, under the test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to make even a prima facie showing of a causal link between their alleged protected activity and the adverse employment actions they suffered. *See Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000). "Essential to a causal link is evidence that the" decisionmakers in charge of employment determinations were "aware that the plaintiff had engaged in a protected activity." *Id*. at 70.

Here, as to all but one of the areas of allegedly protected activity, the district court properly found that the employees failed to produce sufficiently probative evidence that the three managers who actually decided to fire them were aware of their alleged protected activity.[1] At best, they demonstrated that they made several complaints to their direct supervisors, who were not the decisionmakers. Further,

---

[1] As to the one remaining area of allegedly protected activity—Sangeladji's complaints about the security systems in the bank—Sangeladji produced no evidence that the complaints were about illegal activity, or that he reasonably could have thought they were. *See Mokler v. Cty. of Orange*, 157 Cal. App. 4th 121, 138 (2007) (explaining that an employee engages in a protected activity when she discloses "reasonably based suspicions of illegal activity" to another employee who has the authority to correct the violation).

17-56588

the employees have not directed this panel's attention to any evidence that sufficiently demonstrates that either supervisor told the decisionmakers about the employees' complaints.

**AFFIRMED.**